## Affidavit of Special Agent Todd F. Prough in Support of Seizure Warrant

### I. Purpose of the Affidavit

This Affidavit is submitted in support of an application for a seizure warrant for the contents of **Internet Archive Federal Credit Union account 10563000 in the name of Localtill LLC., and all proceeds traceable to that account.**

I submit that there is probable cause to believe that the contents of **Internet Archive Federal Credit Union account 10563000 in the name of Localtill LLC** were involved in transactions and attempted transactions in violation of 18 U.S.C. section 1960(a) and (b)(1)(A), and that the contents of that account, and all proceeds traceable thereto, are subject to seizure and forfeiture pursuant to 18 U.S.C. section 981(a)(1)(A) and 982(a)(1).

### II. Affiant

Your affiant, Todd F. Prough, is a Special Agent with the Drug Enforcement Administration ("DEA") of the United States Department of Justice. While working for the DEA your affiant has prepared and executed state and federal search and seizure warrants, seized evidence of both state and federal violations, interviewed suspects, witnesses, and informants, and evaluated evidence obtained during the course of these investigations.

### III. Applicable Statutes

31 U.S.C. section 5330 (d)(1)

The term "money transmitting business" means any business other than the United States Postal Service which-

(A) Provides check cashing, currency exchange, or money transmitting or remittance services, or issues or redeems money orders, travelers' checks, or other similar instruments or any other person who engages as a business in the transmission of funds,

1

including any person who engages as a business in an informal money transfer system or any network of people who engage as a business in facilitating the transfer of money domestically or internationally outside of the conventional financial institutions system;

(B) is required to file reports under section 5313; and

(C) is not a depository institution (as defined in section 5313(g)).

18 U.S.C. section 1960

(a) Whoever knowingly conducts, controls, manages, supervises, directs, or owns all or part of an unlicensed money transmitting business, shall be fined in accordance with this title or imprisoned not more than 5 years, or both.

(b) As used in this section—

(1) the term "unlicensed money transmitting business" means a money transmitting business which affects interstate or foreign commerce in any manner or degree and—

(A) is operated without an appropriate money transmitting license in a State where such operation is punishable as a misdemeanor or a felony under State law, whether or not the defendant knew that the operation was required to be licensed or that the operation was so punishable[1];

(B) fails to comply with the money transmitting business registration requirements under section 5330 of title 31, United States Code, or regulations prescribed under such section; or

---

[1] Money transmitting businesses are required by the State of New York to obtain a money transmitter license. N.Y. BNK. LAW § 641 : NY Code - Section 641: License. Under New York law, the failure to register a money transmitting business is a Class A misdemeanor; other factors, including high dollar amounts transmitted, can result in felony charges. Id., section 650.

(C) otherwise involves the transportation or transmission of funds that are known to the defendant to have been derived from a criminal offense or are intended to be used to promote or support unlawful activity;

(2) the term "money transmitting" includes transferring funds on behalf of the public by any and all means including but not limited to transfers within this country or to locations abroad by wire, check, draft, facsimile, or courier; and

(3) the term "State" means any State of the United States, the District of Columbia, the Northern Mariana Islands, and any commonwealth, territory, or possession of the United States.

<u>18 U.S.C. section 981(Civil Forfeiture)</u>

(a)(1) The following property is subject to forfeiture to the United States:

(A) Any property, real or personal, involved in a transaction or attempted transaction in violation of section . . . 1960 of this title, or any property traceable to such property.

<u>18 U.S.C. section 982 (Criminal forfeiture)</u>

(a)(1) The court, in imposing sentence on a person convicted of an offense in violation of section . . .1960 of this title, shall order that the person forfeit to the United States any property, real or personal, involved in such offense, or any property traceable to such property.

IV.   **Probable Cause**

The information set forth below is based upon your affiant's review of records and upon information provided by other sworn law enforcement officers participating in this investigation. I have not included each and every fact obtained pursuant to this investigation, but have set forth those facts that I believe are essential to establish the necessary foundation for the issuance of the seizure warrant for the specified account.

According to Internet Archive Federal Credit Union ("IAFCU") records, the account was established on February 24, 2014 with the account number 10563000 and with a single authorized signer: Roman Shtylman. The account is held in the business name Localtill LLC. According to State of New York, Department of State records, Localtill LLC was organized by Roman Shtylman on December 12, 2012. Localtill listed its business address as 27-29 W. 60th Street, #21053, New York, NY 10023.

According to a now defunct website (http://localtill.com/how-it-works), Localtill was a payment processor that allowed users to make payments to merchants by anonymously depositing cash into Localtill's bank account. If a user chose Localtill as his/her payment option on a merchant's website, the user would receive instructions on how much to deposit (an exact amount in cash to the penny), and the bank and account number to which the deposit should be made. Localltill's website explained that it used "proprietary algorithms" to create a "unique" deposit amount for each user and that merchants would be notified within 30 minutes of a completed deposit and the users order would be complete.

A Cooperating Witness ("CW") provided information to government agents. He explained how he used Localtill to pay an overseas merchant for illegal synthetic drugs. CW stated he purchased the drugs through Silk Road, a clandestine online marketplace widely known to sell illegal drugs and services. Both buyers and sellers accessed the site through an anonymizer that kept their true identities hidden. The Silk Road has since been deactivated as the result of federal law enforcement action. All transactions on the Silk Road used Bitcoins as the medium of exchange. Bitcoins are a digital or virtual currency that is unregulated by any government, with the result that transfers of funds may be made anonymously. Bitfloor, another now defunct business entity owned by Roman Shtylman, was a Bitcoin exchange, and Localtill was its

payment processor. A Silk Road customer needing Bitcoins to purchase controlled substances could make a cash deposit to Localtill's bank account. Localtill would transmit the payment to Bitfloor, which would convert the funds to Bitcoins and transmit Bitcoins to the customer's Bitcoin account or "e-wallet;" the customer could then transmit payment in Bitcoins to the Silk Road seller.

In March 2013, CW placed an order to purchase synthetic drugs, which he intended to redistribute, from a merchant in China. It was through the Silk Road website that CW chose to pay for the purchase by anonymously depositing cash into a bank account. CW received payment instructions from Localtill that included the amount (exact to the penny), account number and bank to which the deposit should be made. On March 4, 2013, according to CW's direction, an associate of CW made the deposit of cash at a Bank of America ("BOA") branch in Massachusetts and received a receipt. The receipt indicated that a deposit of $1,390.61 was made into an account with an account number ending with the four digits 6017. Records independently obtained from BOA showed the deposit of $1,390.61 was made on March 4, 2013 into Localtill BOA account 483046836017 ("account 6017"). In addition to CW's deposit, there were in excess of 250 other unique deposits totaling approximately $112,000 made that same day to the Localtill account. These deposits were made at BOA branches located throughout the United States. Of the 250 plus deposits, no two deposit amounts were the same and many varied only by pennies. CW stated that he was cautioned that the amount of the deposit had to be exact to the penny or the merchant would not be paid. After the deposit into Localltill account 6017, CW logged back into Silk Road, and found that funds in Bitcoins had been deposited into his e-wallet; CW transferred Bitcoins from his e-wallet to the seller in China, which completed the transaction by delivering the drug order to CW.

According to BOA records, Localtill account 6017 was opened 12/21/12 and closed by BOA on 6/6/13. During this period (6 ½ months) approximately $5.8 million went in and out of the account. There were in excess of 6,000 individual deposits made at over 2,000 separate BOA branch locations throughout the United States. At least 35 individual cash deposits were made at BOA branch locations in the State of New Hampshire.

On April 4, 2013, an individual who resided in New Hampshire made a cash deposit of $10,558.19 into Localtill account 6017. The identity of the other individuals making deposits at BOA locations in New Hampshire cannot be determined at this time. On April 4, 2013, in addition to the $10,558.19 deposit, there were in excess of 220 other unique deposits totaling approximately $212,000. The deposits ranged in amount from $21.21 to $10,558.19. Of the 220 plus deposits, no two deposit amounts were the same and many varied by pennies.

On 6/6/13, BOA issued a cashier's check in the amount of $217,212.29 payable to Localtill LLC for the balance in the account at the time of closing. According to IAFCU records, the payee name on the cashier's check (Localtill LLC) was crossed out and the name "Bitfloor, Inc." was handwritten on the face of the check. The name "Roman Shtylman" appears to have been signed directly below "Bitfloor, Inc." This cashier's check was then deposited into an account in the name of Bitfloor Inc. at IAFCU. Credit union records show that Bitfloor Inc. was owned by Roman Shtylman. Subsequently, the deposit of the cashier's check was rejected and reversed by IAFCU. BOA later issued a replacement cashier's check dated 1/23/14, payable to Localtill LLC for the same amount, $217,212.29. On 2/27/14, the replacement cashier's check was deposited into the account that is the subject of this seizure warrant, IAFCU account 10563000. Other than a $10 fee, there were no withdrawals or other transactions in the account from the opening date 2/24/14 to 3/26/14, the date of the last known balance of $217,202.29.

Money transmitting businesses are required by the State of New York to obtain a money transmitter license. According to the State of NewYork State Department of Financial Services, neither Localtill LLC nor Bitfloor was licensed as a money transmitter at any time, an offense punishable as a misdemeanor or a felony, depending on the facts of the individual offense.

## V. Conclusion

Based on the foregoing, I submit that there is probable cause to believe that the contents of **Internet Archive Federal Credit Union account 10563000 in the name of Localtill LLC** were involved in transactions and attempted transactions in violation of 18 U.S.C. section 1960(a) and (b)(1)(A), and that the contents of that account are subject to seizure and forfeiture pursuant to 18 U.S.C. section 981(a)(1)(A) and 982(a)(1).

A restraining order pursuant to 21 U.S.C. section 853(e) will not be sufficient to preserve the assets in question given the ease with which funds may move out of accounts via wire transfer, electronic funds transfer, or otherwise.

Accordingly, pursuant to 21 U.S.C. section 853(f) and 18 U.S.C. section 981(b), I respectfully request that the Court issue warrants authorizing the seizure of any and all funds in the **Internet Archive Federal Credit Union account 10563000 in the name of Localtill LLC.**

_____
Todd F. Prough, Special Agent
Drug Enforcement Administration

Subscribed and sworn before me on April 11, 2014.

_____
Daniel J. Lynch
United States Magistrate Judge